**YUE RONG LIU, Petitioner,**

v.

**U.S. DEPT. OF JUSTICE, Alberto R. Gonzales, Attorney General,\* Respondent.**

No. 04–6128–ag.

United States Court of Appeals, Second Circuit.

June 29, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Dione M. Enea, Special Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, of counsel), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: ROGER J. MINER and GUIDO CALABRESI, Circuit Judges, and JANE A. RESTANI, Chief Judge, U.S. Court of Int'l Trade.**

### SUMMARY ORDER

Yue Rong Liu, a native and citizen of China, petitions this Court for review of a decision of the Board of Immigration Appeals ("BIA"). In that decision, the BIA affirmed a decision of an immigration judge ("IJ") denying Liu's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief on the basis of the IJ's adverse credibility finding. The IJ also found that Liu had filed a frivolous asylum application, and barred her from filing any future asylum applications. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evi-

---

Gonzales is automatically substituted for former Attorney General, John Ashcroft, as Respondent in this case.

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

dence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). An alien who knowingly submits a frivolous asylum application and who has received notice of the consequences will be permanently barred from receiving any relief under the Immigration and Nationality Act ("INA"), with the exception of withholding of removal. 8 U.S.C. § 1158(d)(6). The regulations provide that an asylum application is frivolous if the applicant has deliberately fabricated any of its material elements. 8 C.F.R. § 1208.20.

■ Here, the IJ's finding that Liu was not credible is supported by substantial evidence. As the IJ noted, Liu's testimony and documentary submissions contained a number of notable inconsistencies. For instance, she stated in her credible fear interview that she submitted to an abortion voluntarily in 1996, but she stated in her asylum application and testimony that the abortion was forced. Moreover, although Liu's father stated in his letter that he and his wife had been tortured while in custody, Liu failed to mention the alleged torture in her interview or at the hearing, and Liu was unable to explain the omission. Such specific instances of contradictory or improbable testimony support the IJ's adverse credibility determination, and, thus, Liu's application for asylum and withholding of removal was properly denied. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Additionally, because Liu's CAT claim relies on the same allegations as her properly discredited asylum application, the adverse credibility finding "fatally undercuts" Liu's CAT claim. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

■ The IJ's determination that Liu knowingly submitted a frivolous asylum application, however, is not supported by the record. While the IJ found that Liu was not credible, the IJ did not make express findings that she had deliberately fabricated material elements of her application. *See* 8 C.F.R. § 1208.20; *see also Muhanna v. Gonzales*, 399 F.3d 582, 589 (3d Cir.2005) ("[A] finding of frivolousness does not flow automatically from an adverse credibility determination...."). Further, many of the discrepancies noted by the IJ are of the type that might be explained, at least in part, by the circumstances under which the application or subsequent hearings took place, although such explanations were not developed by counsel on the record before the IJ. Accordingly, we remand the case to the BIA for further findings on the issue of frivolousness. The BIA should consider the question in light of the standards for frivolousness that will have been developed pursuant to this Court's decision in *Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA's order is VACATED in part, and the case REMANDED for proceedings consistent with this order. Having completed our review, we VACATE the stay of removal that the Court previously granted in this proceeding. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).